**CUBA RAILROAD CO., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 217, Docket 24630.**

United States Court of Appeals
Second Circuit.

Argued March 11, 1958.

Decided April 18, 1958.

See also D.C., 135 F.Supp. 847.

John J. Hayes and Kramer, Marx, Greenlee & Backus, New York City, for appellant.

Elliot L. Hoffman, Paul W. Williams, U. S. Attys. for the Southern Dist. of New York, New York City, for United States.

Before CLARK, Chief Judge, HAND, Circuit Judge and BRENNAN, District Judge.

HAND, Circuit Judge.

This appeal is from a summary judgment dismissing the plaintiff's claim for a refund of part of its income taxes for 1943. The action was begun in 1953, based upon the disallowance by the Treasury of a credit asserted by the plaintiff for taxes paid to the Republic of Cuba for the year 1943. The facts were as follows.

The plaintiff, which was on an "accrual" basis as to its U. S. taxes, had issued several series of bonds, bearing interest from five to seven per cent. In 1940 the Republic of Cuba passed a statute limiting corporations doing business in that country to the payment of one per cent interest upon their bonded debts. Various of the plaintiff's bondholders refused to recognize the validity of this law as a defense to their claims for full interest, in 1943 one brought an action in the courts of New York and in which he later recovered the stipulated interest. The plaintiff, finding itself threatened with claims by its bondholders, offered a compromise, called "The Plan," by which it promised to pay two per cent interest in addition to the one per cent allowed by the Cuban law to all bondholders who should deposit their bonds with a designated trustee. Under this "Plan" there fell due in 1943 three per cent on all the outstanding bonds, both then deposited and undeposited. This amounted to $181,000, and the plaintiff claimed the right to deduct that sum as "accrued" interest. To such an allowance the Treasury objected asserting that interest had "accrued" upon only those bonds that had been deposited in 1943. In 1948 the parties entered into a settlement under Treasury Form 870–TS by which the plaintiff's income tax for 1943 included an allowance at three per cent interest for that year upon all bonds that had been deposited under the "Plan" up to 1948, and the plaintiff agreed that no "claim for refund" should "be filed or prosecuted for the year above stated." Form 870–TS contained the clause that the "execution and filing of the offer" was "not, however, a final closing agreement under section 3760 of the Internal Revenue Code [26 U.S.C.A. § 3760]." The plaintiff's income tax was liquidated on this basis.

Meanwhile the plaintiff had been negotiating with the Cuban tax authorities and finally came to an agreement with them by which in August 1950 it paid in discharge of its deficiencies for 1943 the sum of $33,506.33, for which it filed a claim against the Treasury as a credit for 1943. This the Treasury rejected in 1952, and it is subject of the action at bar. The plaintiff justified its delay in filing the claim by virtue of Treasury Ruling 58–55 which makes a foreign tax "accruable" as a credit "for the taxable year to which it relates even though the taxpayer contests the liability therefor and such tax is not paid until a later year." We shall assume without deciding that Form 870–TS, left it open to the plaintiff to recover the claimed refund;[1] for we hold that the set-off asserted by the Treasury was a valid answer to the claim, and, being larger, is a bar to the action.

 It is true that in 1953 the time had passed within which the Treasury

---

[1]. Botany Worsted Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379; Daugette v. Patterson, 5 Cir., 250 F.2d 753, 756.

could have reassessed the plaintiff's income for 1943; nevertheless, any claim to a refund must be on the theory of money had and received; and, if so, the Treasury was free to show that the interest that had accrued on bonds deposited after 1943 was not a deduction allowable in 1943. Since the plaintiff must repudiate Form 870–TS in order to recover at all, the Treasury is free to treat its allowance of the interest on bonds not deposited in 1943 as a set-off under the doctrine of Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293; Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421; and Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265. To this the plaintiff answers that the decision of the Supreme Court in Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296, limited the doctrine of "equitable set-off" to occasions when the claim for refund and the set-off "originated in the same transaction." In that case the assessed income of the taxpayer had been increased by the sum of the aggregate payments collected from it in earlier years upon a tax, later found to be invalid, and the assessment of this amount as part of its income in the year of its receipt the Court held to be correct. The taxpayer attempted to set-off against this assessment the amounts it had paid in earlier years before the invalid tax had been so declared for which recovery was barred by the statute of limitations. This the Court denied, holding that the doctrine of Lewis v. Reynolds, supra, went no further than to permit a transaction which is made the subject of the suit "to be examined in all its aspects" (329 U. S. at page 299, 67 S.Ct. at page 272).

▌ In the case at bar the claim for refund was based upon the disallowance as a credit to the plaintiff's income tax for 1943 of Cuban taxes which it was later compelled to pay. The set-off is for the deduction unnecessarily allowed upon the plaintiff's income tax for the same year. We do not believe that Rothensies v. Electric Storage Battery Co., supra, meant to hold, when the refund and the set-off both depend upon what were the proper deductions in the same year, that the transactions which determine those deductions must be so narrowly connected. On the contrary, when the taxpayer seeks a refund for a credit mistakenly denied, he must be content to allow his tax for the same year to be corrected because of errors through which he has profited. It is indeed true, as Jackson, J., said on page 302, of 329 U.S., on page 274 of 67 S.Ct., that in the "assessment of deficiency" the "claim for refund" does not "invite a search of the taxpayer's entire tax history for items to recoup," but nothing could be more unjust than to allow one party to disregard the settlement and the other to enforce it.

▌ Little need be said in answer to the plaintiff's argument that on the merits it was entitled to a deduction for interest due on the undeposited bonds. The "Plan" of 1942 provided for the payment of interest on the bonds at three per cent only on condition that the bondholders deposited their bonds with the designated trustee. As we have said, during the year 1943 the taxpayer was still contesting the right of its bondholders to any interest above one per cent, except in so far as such a right was granted under the "Plan." That being true, it could claim no deduction except for what became due in that year under the "Plan." Such bondholders as had not deposited then might never do so, yet their right to recover the stipulated three per cent was conditional upon such a deposit; therefore it had not then "accrued." Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270.

Judgment affirmed.