UNITED STATES of America, Plaintiff,

v.

GULF OIL CORPORATION and Affiliated Companies, Defendants.

Civ. A. No. 71–328.

United States District Court, W. D. Pennsylvania.

Jan. 19, 1972.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Charles A. Boyce, Pittsburgh, Pa., for defendants.

## OPINION

GOURLEY, District Judge:

This is an action to recover a tax refund paid by the United States to Gulf Oil Corporation, with two counterclaims filed by defendants based on the doctrines of equitable recoupment and account stated or settled. Jurisdiction exists pursuant to 26 U.S.C.A. § 7402(a). The immediate matters before the Court are defendants' Motion and plaintiff's Cross Motion for Summary Judgment. It is the considered judgment of this Court that defendants'. Motion should be granted.

There is no dispute as to the facts involved. For the tax years 1955 and 1956 a total of $130,239.37 was improperly calculated, assessed, and collected as interest on the tax due from defendants. Thereafter, Gulf claimed and subsequently received the refund on April 9, 1969 based on a 1968 Revenue Ruling of the Commissioner of Internal Revenue, Revenue Ruling 68–258. The assessments had not been made until March 20, 1964 because defendants agreed to extend the period of assessment to allow the Commissioner to audit defendants' returns for the years in question. Gulf paid the assessments March 30, 1964 but claimed no refund until March 5, 1969, after the issuance of the 1968 Revenue Ruling explaining the proper calculation of interest due where defendants had filed a Form 7004 to pay tax in installments. The Government asserts that it is entitled to recover this refund despite the fact that the amount in question was never owed by Gulf. The Government's position, simply stated, is that Gulf waited too long to demand the refund in view of the provisions of 26 U.S.C.A. § 6514(a) (1) which require the taxpayer to file such a claim within two years after the tax is paid or three years from the time that the return is filed.

Gulf contends that it is entitled to equitable relief in the form of recoupment and on the basis of account stated or settled. The account stated or settled argument rests on the footing that the Government in sending Forms 1331–B, Notice of Adjustment, dated April 8, 1969, made a promise to repay the overassessment, and when defendants accepted these forms, an account stated arose. The act of paying, in defendants' view, may be considered as giving rise to an account settled.

If a very literal reading of the Internal Revenue Code were followed, defendants would be required to pay back interest which it never really owed. However, it is well to note that it did not come to defendants' attention that the interest assessment was excessive until 1968, a period of approximately four years after Gulf paid the assessment, when the Commissioner issued Revenue Ruling 68–258. The Government contends that the refund was erroneously paid and therefore must be returned consistent with the provisions of the Internal Revenue Code, 26 U.S.C.A. §§ 7504, 6514, and 6511(b) (1). Great reliance is placed on the fact that defendants did not file any claim for refund until nearly five years after the time the tax was paid—three years beyond the two year period allowed by § 6511(a). The Government relies on United States v. C. E. Mathews, 263 F.2d 814 (5th Cir. 1959) to sustain its position and contends that based on this authority this Court should not look to the intrinsic merits of the case *sub judice*. A careful reading of *Mathews, supra,* will show, however, that the case is not controlling here, and in any event does not stand for the proposition that a Court in dealing with erroneous tax refund claims should not ever look to the merits or

equities of the factual situation before it. This is not a case of waiting too long to claim a loss-carry back benefit for taxes paid in a prior year as in *Mathews*, but rather involves a claim for a refund of interest on taxes paid which defendant could not possibly have known was excessive until the Commissioner issued Revenue Ruling 68–258—any delay in filing a claim for the refund might well be said to be due to the Government and not defendants. Thus, unlike *Mathews*, it would appear that there are "unique circumstances" here warranting equitable relief in some form.

 We believe that the proper disposition of this case is controlled by *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). The *Bull* case involved collection of an excess amount of estate taxes. A refund which was due was not claimed within the period set by the statute of limitations. When the Government brought new proceedings arising out of the same transaction for the collection of income taxes, defendant taxpayer asserted a right of recoupment for the amount mistakenly collected as estate tax. The Court held that when the Government takes money by mistake, "the unjust retention (of the money) is immoral and amounts in law to a fraud on the taxpayer's rights." *Bull, supra*, at 261, 55 S.Ct. at 700. The Court went on to say that a claim for recovery of such money may be made by recoupment which can be raised as a defense and is never barred by the statute of limitations so long as the main action is timely. There is no question that the main action is timely, the Government having filed this suit for recovery of an erroneous refund within the two year period required by § 7405(d). As stated by the Court, " . . . when an action is brought by the United States, to recover money in the hands of a party, who has a legal claim against them, it would be a very rigid principle, to deny to him the right of setting up such a claim in a court of justice . . . ." *Bull, supra*, at 262, 55 S. Ct. at 700. While the doctrine of recoupment is indeed limited and has been applied where two taxes have been assessed against one fund, it is the considered judgment of this Court that the prime requirement which must be met for recoupment is that the claim must arise from one taxable transaction. See *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296 (1946). This is clearly the case here.

On this basis, the Court is constrained to grant defendants' Motion for Summary Judgment and does not reach the question of account stated or settled. Defendants are entitled to retain the full refund which they received.

Findings of fact and conclusions of law have not been separately stated but are contained in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.