**UNITED STATES of America,**
**Appellant,**

**v.**

**GULF OIL CORPORATION and**
**Affiliated Companies.**

**No. 72-1345.**

United States Court of Appeals,
Third Circuit.

Argued June 4, 1973.

Decided Aug. 9, 1973.

Richard Farber, Scott P. Crampton, Meyer Rothwacks, Paul M. Ginsburg, U. S. Dept. of Justice, Tax Div., Washington, D. C., Richard L. Thornburgh, U. S. Atty., of counsel, for appellant.

Charles A. Boyce, Pittsburgh, Pa., for appellees.

Before SEITZ, Chief Judge, and STALEY and HUNTER, Circuit Judges.

OPINION OF THE COURT

STALEY, Circuit Judge.

This is an appeal from the district court's grant of summary judgment in favor of the appellee, 335 F.Supp. 1405. The United States of America commenced this action seeking to recover $130,239.37, an amount erroneously refunded to the taxpayer on the basis of untimely claims for refunds. The facts in this case have been stipulated and are as follows:

For the taxable years 1955 and 1956, the taxpayer, Gulf Oil Corporation and affiliated companies ("Gulf"), elected to pay its tax in installments and applied for Automatic Extension of Time to File its corporate income tax return. Gulf's return was ultimately filed within the prescribed time. Thereafter, the Commissioner sought and received the taxpayer's consent to extensions of the statute of limitations for assessment up to and including July 1, 1964, in order to obtain additional time to perform an audit. As a result of the audit, the Commissioner determined deficiencies in taxes due for the years 1955 and 1956. On March 30, 1964, the taxpayer paid the assessed deficiencies and the interest due.

As a result of the publication of Rev. Rul. 68–258, the taxpayer discovered that the interest due on the above mentioned deficiencies had been incorrectly computed and that an overpayment had been made. The taxpayer subsequently made a claim for the refund of the amount of the overpayment, $130,239.37. This refund was paid on April 9, 1969. A post refund audit revealed that the taxpayer's claim for refund had not been filed within the time period provided in the Internal Revenue Code of 1954, 26 U.S.C. § 6511(a). After the taxpayer failed to return the wrongly made refund, the Government commenced this timely action pursuant to 26 U.S.C. §§ 7405 and 6532(b) to recover the refund. The district court granted the appellee summary judgment on the basis of the doctrine of equitable recoupment. The Government brought this appeal.

On appeal, the Government contends the district court erred in holding that Gulf was entitled to retain the funds held by it on the theory of equitable recoupment. We agree. Further, we find no merit in the appellee's alternative argument that the Notice of Adjustment received by it prior to its receipt of the refund constituted an account stated which superseded the statute of limitations.

The district court held that the instant case was controlled by Bull v. United States, 295 U.S. 247, 55 S.Ct.

695, 79 L.Ed. 1421 (1935). In *Bull*, the Court permitted an estate to recoup the overpayment of an estate tax by applying the overpayment as a credit against the estate's income tax even though the statute of limitations barred a refund of the estate tax. The *Bull* Court had this to say about recoupment:

" * * * [R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely." Bull, supra, 295 U.S. at 262, 55 S.Ct. at 700.

In another case the Supreme Court allowed the Government to retain, on the basis of equitable recoupment, a tax paid by trustees which should have been paid by the beneficiary where the Government's claim against the latter was barred by the statute of limitations. Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed.2d 1265 (1937). In a later decision, the Court made clear the limited applicability of the doctrine. Referring to the *Bull* and *Stone* cases, the Court stated the following:

"In both cases a single transaction constituted the taxable event claimed upon and the one considered in recoupment. In both, the single transaction or taxable event had been subjected to two taxes on inconsistent legal theories, and what was mistakenly paid was recouped against what was correctly due." Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 299–300, 67 S.Ct. 271, 272, 91 L.Ed. 296 (1946).

This reasoning has been applied in our court. Boyle v. United States, 355 F.2d 233 (C.A.3 1965). In the *Boyle* case, beneficiaries of an estate were permitted to recoup the amount of tax wrongfully assessed as an estate tax where the statute of limitations barred a refund action.

■ Contrary to the district court's view in this matter, we believe the above-cited cases require that the doc-

trine of equitable recoupment be limited to situations where two taxes have been assessed against one fund. In such situations the tax or refund barred by the statute of limitations can be set off against the one that is not barred. In the instant case the district court permitted the appellee to recoup the very tax payment that the statute of limitations barred it from recovering,—the very tax payment which the Government had erroneously refunded and for which it was now claiming recovery. This was error. To expand the doctrine of equitable recoupment to the facts of this case would be to contravene the purpose of the statute's scheme.

"The purpose of this interwoven legislation was to make plain that if a taxpayer paid, or was compelled to pay, a tax then time-barred, or if the Government made a refund then time-barred, such untimely payments were to be recovered by taxpayer or Government on the basis of time without regard to the intrinsic merits or equities." United States v. C. E. Matthews, Inc., 263 F.2d 814, 817 (C.A.5 1959).

We are not persuaded by the district court's reasoning that issuance of Rev. Rul. 68–258 after the expiration of the statutory period of limitations warrants the nullification of the above-stated statutory purpose. See United States v. Zacks, 375 U.S. 59, 84 S.Ct. 178, 11 L. Ed.2d 128 (1963).

■ The appellee contends that the Notice of Adjustment signed by the district director of internal revenue constituted an account stated which gave rise to a separate cause of action. We disagree. The taxpayer is presumed to be aware of the statutory scheme which envisions the possibility of a suit for an erroneous refund. If the payment of a refund or notice that payment will be made constitutes an account settled or an account stated, § 7405 is rendered meaningless. We believe that the existence of the statutory scheme militates strongly against the drawing of an inference that the notice of adjustment

was an account stated. Further, since the taxpayer is charged with knowledge of the possibility of a refund suit under § 7405, any payments or promises to pay could not be considered binding on the Government until the statutory period for recovery of an erroneous refund had expired.

The judgment of the district court will be reversed and the cause remanded for further proceedings consistent with this opinion.