536 F.Supp. 403 (1982)
ESTATE OF Verlena M. VITT, Deceased, Kathryn Wedemeier, Executrix, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 80-855C(1).
United States District Court, E. D. Missouri, E. D.
March 26, 1982.
*404 Edward E. Murphy, Jr., Garry Seltzer, Murphy & Associates, Clayton, Mo., for plaintiff.
Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., G. Scott Nebergall, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court for a decision on the merits. The parties appeared before the Court without a jury on December 14, 1981 and the case was submitted, by agreement of both parties, upon a stipulation of uncontested facts, the exhibits identified therein and the depositions of James E. Cary and Ben Ely. After consideration of the pleadings, evidence and the applicable law, the Court makes the following findings of fact and conclusions of law. Any finding of fact equally applicable as a conclusion of law is hereby adopted as such and, conversely, any conclusion of law equally applicable as a finding of fact is adopted as such.

Findings of Fact
1. This is a civil action for the recovery of federal estate tax assessed to and collected from plaintiff under § 2001 of the Internal Revenue Code, 26 U.S.C. § 2001, being brought pursuant to § 7422(a), (f) of the Internal Revenue Code, 26 U.S.C. § 7422(a), and § 1346(a) of the Judicial Code, 28 U.S.C. § 1346(a).
2. Plaintiff is a resident of the Eastern District of Missouri.
3. Plaintiff filed a claim for refund of said tax with the Internal Revenue Service of the United States on or about March 9, 1979, and notice of the disallowance of said claim was mailed to plaintiff by certified mail by the Internal Revenue Service under the date of June 27, 1979. Plaintiff commenced this action on July 3, 1980, within the time limit provided by Section 6532 of the Internal Revenue Code, 26 U.S.C. § 6532(a).
4. Verlena M. Vitt died September 23, 1975, a resident of St. Louis County, Missouri, and administration of her estate is pending in the Probate Division of the Circuit Court of St. Louis County, Missouri. At the time of her death, Verlena M. Vitt possessed a life estate in 2,190.77 acres of certain real property situated in Pike and Ralls Counties, Missouri. This life estate had been reserved jointly, with right of survivorship, by Verlena M. Vitt and her husband, Edward W. Vitt, in three separate deeds executed on April 28, 1947, April 28, 1947 and February 23, 1954. Edward W. Vitt had supplied all the consideration for the purchase of said real property. Prior to execution and delivery of said deeds, Verlena M. Vitt and her late husband, E. W. Vitt, (also known as Edward W. Vitt) owned the fee simple interest in said real property as tenants by the entirety. Verlena M. Vitt and her late husband, Edward W. Vitt, had been married for fifty years and had not *405 been divorced at the time of Mr. Vitt's death.
5. Verlena M. Vitt and her late husband, Edward W. Vitt, had two children, Kathryn Wedemeier and Helen B. Body, who were granted separate life estates in said real property by said deeds. Helen B. Body predeceased both Edward W. Vitt and Verlena M. Vitt leaving surviving her two children, Barbara Ann Vitt and Thomas Edward Vitt. Subsequent to the death of Helen B. Body, Edward W. Vitt and Verlena M. Vitt adopted Barbara Ann Vitt (Holman) and Thomas Edward Vitt.
6. Edward W. Vitt died August 25, 1964, a resident of Pike County, Missouri. The Estate of Edward W. Vitt was administered in the Probate Court of Pike County, Missouri, as an intestate proceeding. Kathryn Wedemeier was appointed to serve as the Administratrix of the Estate of Edward W. Vitt and qualified and served in that capacity.
7. Mrs. Wedemeier, as Administratrix of the Estate of Edward W. Vitt, prepared and filed with the Internal Revenue Service on or about January 24, 1966 a federal estate tax return for the Estate of Edward W. Vitt and paid the sum of Twenty Three Thousand Six Hundred Ninety Four Dollars ($23,694) in federal estate tax shown to be due on said return.
8. The federal estate tax return of Edward W. Vitt, included as a part of the gross estate of Edward W. Vitt for federal estate tax purposes under § 2036 of the Internal Revenue Code[1], a fifty per cent (50%) interest in said real property located in Pike and Ralls Counties, Missouri, being the same land described in deeds referred to in ¶ 4 of these findings in the amount of Eighty Six Thousand Eight Hundred Five Dollars ($86,805).
9. The Internal Revenue Service examined the federal estate tax return of the Estate of Edward W. Vitt, and several adjustments were proposed by examiner Verne S. Holloway, Jr., which resulted in a proposed deficiency of Forty Two Thousand Seven Hundred Sixty Four Dollars and Eighty One Cents ($42,764.81) in estate taxes owing. Among the proposed adjustments was the inclusion of 76.066% rather than 50% of the fair market value of the real property and the gross estate, pursuant to § 2036 of the Internal Revenue Code and Revenue Ruling 57-448, Cumulative Bulletin 1957-2, at p. 618. The Internal Revenue Service took the position that under § 2036 of the Internal Revenue Code, all the value of said real property, less only the actuarial value of the life interest of Verlena M. Vitt, was to be included in the return of Edward W. Vitt and a federal estate tax paid thereon. The actuarial value of the life estate of Verlena M. Vitt and said real property at the death of Edward W. Vitt was 23.934% of the whole value of the property, thus the Internal Revenue Service determined in accordance with its published position, that 76.066% of the whole value of the property was to be included in the Estate of Edward W. Vitt for federal estate tax purposes. Consequently, a deficiency in the federal estate tax for the Estate of Edward W. Vitt was proposed by the Internal Revenue Service.
10. Kathryn Wedemeier, as Administratrix of the Estate of Edward W. Vitt, protested the deficiency proposed in the federal estate tax return of Edward W. Vitt by the Internal Revenue Service and a conference thereon was held in St. Louis, Missouri, in December of 1967.
11. At said conference on the federal estate tax liability of the Estate of Edward W. Vitt, the parties agreed upon a compromise on the issue of the valuation of said *406 real property at a figure of One Hundred Ninety Three Thousand Four Hundred Twenty Six Dollars ($193,426) for the entire tract, but no agreement could be reached at that time on the issue of the proper percentage of said value to be included in the return. Kathryn Wedemeier, as Administratrix of the Estate of Edward W. Vitt, and her attorneys maintained that the inclusion of only 50% of the said value was proper and cited a number of federal cases supporting their view while the representatives of the Internal Revenue Service maintained the position that the inclusion of 76.066% of said value was proper. The Internal Revenue Service at all times relied on Revenue Ruling 57-448.
12. The government indicated that the percentage was a matter that they would litigate if need be and one that the Estate of Edward W. Vitt should be prepared to litigate if they were unhappy with the government's position.
13. Kathryn Wedemeier, as Administratrix of the Estate of Edward W. Vitt, reasonably believed that unless concession was made to the position of the Internal Revenue Service additional expenses by way of litigation costs and additional delay would occur in closing the Probate Estate of Edward W. Vitt. As a result, Kathryn Wedemeier, as Administratrix of the Estate of Edward W. Vitt, decided to accept the positions of the Internal Revenue Service to include 76.066% of the agreed upon value of said tract of land in the Estate of Edward W. Vitt in order to avoid the expensive litigation with the Internal Revenue Service over said issue and the resulting delay in the closing of the Probate Estate of Edward W. Vitt.
14. On January 25, 1968, Kathryn Wedemeier, as Administratrix of the Estate of Edward W. Vitt, signed a form of consent to the assessment of deficiency of federal estate tax in the Estate of Edward W. Vitt in the sum of Eighteen Thousand Five Hundred Nineteen Dollars and Fifty Nine Cents ($18,519.59) and paid said deficiency together with interest due in the amount of Two Thousand Four Hundred Seven Dollars and Fifty Three Cents ($2,407.53). Of this deficiency in tax, approximately Fourteen Thousand, Eight Dollars and Thirty Cents ($14,008.30) was attributable to the inclusion of 76.066% rather than 50% of the fair market value of the 2,190.77 acres of real property in the gross estate of Edward W. Vitt. One Thousand Eight Hundred Twenty One Dollars and Seven Cents ($1,821.07) of said interest paid was attributable to that difference.
15. Payment of said deficiency in interest was made with funds belonging to the Estate of Edward W. Vitt.
16. Kathryn Wedemeier thereafter proceeded to close the administration of the Estate of Edward W. Vitt. In September of 1969 an order was entered by the Probate Court of Pike County, Missouri, approving a final settlement and ordering final distribution of the Estate of Edward W. Vitt. The distributees of said Estate were: Verlena M. Vitt as to one-half share and the children and adopted children, Kathryn Wedemeier, Barbara Ann Vitt and Thomas Edward Vitt each as to one-sixth share. In November, 1969, the Internal Revenue Service issued Revenue Ruling 69-577, 1969-2 Cumulative Bulletin 173, which revoked Revenue Ruling 57-448. No claim for refund of the federal estate tax was filed on behalf of the Estate of Edward W. Vitt, and the statute of limitations on such a claim expired.[2]
17. Verlena M. Vitt, the decedent herein, died September 23, 1975, a resident of St. Louis County, Missouri.
18. Between the deaths of Edward W. Vitt on August 25, 1964 and Verlena M. Vitt on September 23, 1975, there had been no change in the legal ownership of said real property described in the deeds previously referred to in ¶ 4 and Verlena M. Vitt retained the life estate therein at the time of her death.
*407 19. The Last Will and Testament of Verlena M. Vitt was admitted to probate on October 10, 1975. Kathryn C. Wedemeier was duly appointed and serves as the Executrix of said Estate.
20. The distributees of the Estate of Verlena M. Vitt, in accordance with her Last Will and Testament, are Kathryn Wedemeier, Barbara Ann Holman (nee Vitt) and Thomas Edward Vitt, each as to a one-third share.
21. Kathryn Wedemeier, as Executrix of the Estate of Verlena M. Vitt, prepared and filed with the Internal Revenue Service a federal estate tax return for the Estate of Verlena M. Vitt on August 23, 1976. The interest of Verlena M. Vitt in said real property previously described in ¶ 4 was listed in her federal estate tax return but no value was attributed thereto because her interest was considered, in light of the Edward W. Vitt Estate, to be merely a life estate which terminated on her death. The sum of Twenty Four Thousand Seven Hundred Eighty Six Dollars and Thirteen Cents ($24,786.13) in federal estate tax due was shown on said return.
22. The Internal Revenue Service audited said federal estate tax return of Verlena M. Vitt under the date of November 8, 1978, proposed a deficiency of federal estate tax therein by reason of a failure to include a 50% interest in said property which was appraised by the Internal Revenue Service at a total value of Seven Hundred One Thousand Four Hundred Forty Four Dollars ($701,444). The Internal Revenue Service's position with regard to the inclusion of the 50% interest in said real property in the Estate of Verlena M. Vitt was a change in its position on the taxability of this type interest in property for federal estate tax purposes from the position which it maintained in 1967 when it audited the estate tax return of Edward W. Vitt. The adjustments proposed by the Internal Revenue Service resulted in a proposed federal estate tax deficiency of Ninety Six Thousand Seven Hundred Forty Eight Dollars and Twenty Two Cents ($96,748.22). The inclusion of 50% of the fair market value of the real property and the gross Estate of Verlena M. Vitt, was predicated upon § 2036 and Revenue Ruling 69-577.
23. Kathryn Wedemeier, as Executrix of the Estate of Verlena M. Vitt, signed a consent form to the assessment of said deficiency in the amount of Ninety Six Thousand Seven Hundred Forty Eight Dollars and Twenty Two Cents ($96,748.22) and paid said deficiency out of the funds of the Estate of Verlena M. Vitt together with interest in the amount of Sixteen Thousand Seven Hundred Thirty Eight Dollars and Forty One Cents ($16,738.41), on or about February 1, 1979, and thereafter filed a claim for refund which was denied and brought the present action.
24. Kathryn Wedemeier, Executrix of the Estate of Verlena M. Vitt, was not personally aware of the fact that in November of 1969, the Internal Revenue Service issued its Revenue Ruling 1969-2 Cumulative Bulletin 173 revoking prior Revenue Ruling 57-448 and adopting the position of taxability of joint life estates previously urged by the Estate of Edward William Vitt in connection with the inclusion of real property in said estate.

Conclusions of Law
The Court has jurisdiction of this action under 28 U.S.C. § 1346(a)(1) (1977).
Edward W. Vitt and Verlena M. Vitt, during the time of their marriage and their ownership of the fee simple title to real property in Pike and Ralls Counties, Missouri described in deeds referred to in ¶ 4 of the findings of fact herein, were each entitled to an undivided one-half beneficial interest in that property under Missouri law.
On the death of Edward W. Vitt, not more than 50% of the value of said real property should have been included in his gross estate for federal estate purposes under § 2036 of the Internal Revenue Code, 26 U.S.C. § 2036.
Plaintiff posits two theories to support a favorable judgment in this matter. First, plaintiff urges the Court to find that defendant is equitably estopped from including *408 more than 23.934% of the value of the real estate located in Ralls and Pike Counties in the gross estate of Verlena M. Vitt. Second and alternatively, plaintiff contends the doctrine of equitable recoupment should be applied to reach the overpayment made by the Estate of Edward W. Vitt.
The doctrine of equitable estoppel requires consistency of conduct and representations where inconsistency would induce another to act or refrain from acting to his detriment. See Pacific Trading Co. v. Mouton Rice Milling Co., 184 F.2d 141, 147 (8th Cir. 1950). The equitable estoppel doctrine has been reluctantly extended to include tax cases, Schuster v. CIR, 312 F.2d 311 (9th Cir. 1962), however, the doctrine cannot operate to bar the Commissioner from correcting a mistake of law. Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957).
In the case at bar, the error complained of concerned a mistaken opinion set out in IRS Revenue Ruling 57-448, 1957-2 CB 618, as to the applicable law. The misrepresentation did not concern a fact nor was the misrepresentation veiled by a misleading silence. The Commissioner cannot be shackled by judicially imposed restraints which unduly preclude or impinge upon his ability to correct mistakes of law. Guenzel's Estate v. Commissioner, 258 F.2d 248, 253, 255 (8th Cir. 1958). Plaintiff has a legitimate basis on which to attack the Internal Revenue Service's inconsistency, yet, the policy in favor of efficient and certain collection of public revenue must outweigh the policy behind the equitable estoppel doctrine on these facts. See Schuster v. Commissioner, supra.
The doctrine of equitable recoupment proceeds from a belief that where money is "taken through mistake without any element of fraud, the unjust retention is immoral and amounts in law to a fraud on the taxpayer's rights." Bull v. U. S., 295 U.S. 247, 261, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1934); see Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937). Two elements must be present before the doctrine of equitable recoupment may be invoked. The right to the refund must rise out of the same transaction or taxable event, Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 299, 67 S.Ct. 271, 272, 91 L.Ed. 296 (1946), or the double taxation must involve the same fund or same subject matter. Boyle v. U. S., 355 F.2d 233, 235-36 (3rd Cir. 1966). Second, there must be an identity of interest between the party taxed and the party urging recoupment. Stone v. White, supra.
In the instant case, the subject of the estate tax was at all times the land located in Ralls and Pike Counties. While Edward W. Vitt had provided most of the consideration for the purchase of said land, he and his wife held the land as tenants by the entirety. When the land was conveyed by three deeds with identical granting clauses in 1954 and 1958, Verlena M. and Edward W. Vitt reserved life estates. Whereas the estate taxes imposed were levied at different times, the subject matter of the tax  the land located in Ralls and Pike Counties never changed. In tax cases, each refund claim must be judged on its own facts and form cannot be elevated over substance. To hold on these facts that there is no common taxable event or fund would be to blindly follow a narrow, overly simplified definition of what constitutes a single transaction or taxable event devoid of the equitable principles this Court is empowered to employ in tax refund cases.
The second element, identity of interest, is satisfied on these facts. The persons beneficially interested in the Estate of Verlena M. Vitt are the very same persons who were beneficially interested in the Estate of Edward W. Vitt. Certainly, if beneficiaries of a trust satisfy the "identity of interest test," then beneficiaries of the estate must also fulfill the test's requirements. See Bull v. U. S., supra.
Because the Court finds that the doctrine of equitable recoupment is applicable, the overpayment of estate tax in the Edward William Vitt Estate should have been returned to his heirs, to his widow, Verlena M. Vitt, his children and grandchildren, Kathryn *409 Wedemeier, Barbara Ann Holman and Thomas Edward Vitt. A credit should therefore be applied to the federal estate tax due in the Estate of Verlena M. Vitt, for this would benefit all the persons rightfully entitled thereto in the proper proportions.
The record does not contain evidence as to the exact amount due on an equitable recoupment theory, therefore, the Internal Revenue Service should recompute the amount of credit due and submit said amount to the Court for its approval within twenty (20) days of this Memorandum. Plaintiff shall have ten (10) days after the Internal Revenue Service submits its figures to respond to defendant's calculations. Judgment will be forthcoming when these computations are completed.
NOTES
[1] Section 2036. TRANSFERS WITH RETAINED LIFE ESTATE (a) General Rule  The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death 

(1) The possession or enjoyment of, or the right to the income from the property, ...
[2] The period for filing a claim for refund in the estate of Edward W. Vitt expired January 25, 1970.