ESTATE OF Verlena M. VITT, Deceased; Kathryn Wedemeier, Executrix, Appellee,

v.

UNITED STATES of America, Appellant.

ESTATE OF Verlena M. VITT, Deceased; Kathryn Wedemeier, Executrix, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 82–1823, 82–1872.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1983.

Decided May 16, 1983.

---

Edward E. Murphy, Jr., Garry Seltzer, Murphy & Associates P.C., Clayton, Mo., for appellant-cross-appellee Estate of Verlena M. Vitt, Deceased.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Robert A. Bernstein, Michael J. Roach, Attys., Tax Div., Dept. of Justice, Washington, D.C., for the U.S.

Before ARNOLD and BENNETT,* Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

This appeal and cross-appeal raise questions concerning the applicability of the doctrines of equitable estoppel and equitable recoupment in an estate tax refund suit. The district court [1] concluded that although equitable estoppel was not a bar to the inclusion of certain property in the decedent's estate, principles of recoupment required that the estate be permitted to recover estate taxes previously paid with respect to the same property. We affirm.

I. Background.

Prior to his death in 1964, Edward W. Vitt, then husband of Verlena Vitt, the decedent whose estate initiated the present refund action, acquired approximately 2,190 acres of land in Eastern Missouri. Although he apparently supplied all the consideration for this property, Edward titled the land in the names of both Verlena and himself, as tenants in the entirety. Subsequently, by three separate deeds, the Vitts conveyed this property to their two daughters. As grantors, however, they retained a life estate for their joint lives and for the

---

* The Honorable Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri. The district court's decision is reported at 536 F.Supp. 403 (E.D.Mo.1982).

life of the survivor; each of the daughters received a life estate in an undivided one-half interest in the land, with a remainder to their children. The treatment of Edward's and Verlena's respective interests in this property for estate tax purposes forms the basis for the present litigation.

In 1964 Edward died intestate, and Kathryn Wedemeier, his daughter, was appointed administratrix of his estate. Pursuant to section 2036 of the Internal Revenue Code, which pertains to transfers of property with retained life estates, fifty per cent of the value of the 2,190 acres was included in Edward's estate. Subsequently, the Internal Revenue Service proposed an estate tax deficiency in the amount of $42,-764.81, based in part on its determination that the entire value of the real property, less the actuarial value of Verlena's life estate, was includible in Edward's gross estate. Actuarial calculations by the examiner indicated that under this approach Edward's estate should have included 76.066% of the property's value. In taking this position, the government relied upon a Revenue Ruling, Rev.Rul. 57–448, which provided for the inclusion under section 2036 of more than fifty per cent of the value of property in circumstances such as those involved in the Vitts' case.

After conference and negotiations, the estate consented to the assessment of a deficiency based in part upon the inclusion of 76.066% of the value of the 2,190 acres in Edward's gross estate. This deficiency, along with accrued interest, was subsequently paid.

Thereafter the IRS issued Rev.Rul. 69–577, which revoked the prior ruling on which the government had relied in requiring the inclusion in Edward's gross estate of more than fifty per cent of the value of the real property. In essence, the new revenue ruling held that where each spouse had a right to one-half the income from property held as tenants in the entirety under local law, only half the value of that property would be includible in the gross estate of each of the cotenants. Under this position, only half the value of the 2,190 acres would have been included in Edward's gross estate. The new ruling was published approximately two months prior to the time the statute of limitations was to expire with respect to a refund claim by Edward's estate. The estate, however, was apparently unaware of the government's change in position. Consequently, no claim for refund was filed, and the limitations period expired.

Legal ownership of the 2,190 acres remained unchanged between the deaths of Edward and Verlena, and Verlena retained her life estate in the realty until she died in September of 1975. Following her death, an estate tax return was filed which reported her interest in the real property but assigned it no value for estate tax purposes. No value was attributed to this interest because, in the estate's view, it pertained to property which was not includible in Verlena's estate due to the prior treatment of that property in Edward's estate.

The IRS, after examining the return, proposed a deficiency based upon the inclusion in Verlena's estate of fifty per cent of the value of the 2,190 acres, relying upon Rev. Rul. 69–577. This deficiency was paid by the estate, which then initiated the present refund action. Essentially, it asserted that the government should be estopped from including more than 23.934% of the property's value in determining the estate tax due, because 76.066% of that land's value had previously been included in Edward's estate under the position first taken by the government. In the alternative, the estate urged that the doctrine of equitable recoupment be applied with respect to the alleged overpayment of estate taxes made by Edward's estate in connection with the property.

The case was submitted to the district court, sitting without a jury, on a stipulation of uncontested facts, along with certain exhibits and depositions. As indicated, the court concluded that the government was not estopped from including fifty per cent of the value of the acreage in Verlena's estate. It reasoned, however, that recoupment principles were applicable, and

that the estate was therefore entitled to recover $28,370.70, which represented the overpayment of tax and interest made by Edward's estate as the result of the erroneous inclusion of more than half the value of that property in his gross estate. The estate now challenges the court's conclusion that equitable estoppel does not apply in this case, while the government contends that the use of recoupment principles was error.

## II. Equitable Estoppel.

In its cross-appeal, the estate argues that the district court erred in concluding that the doctrine of equitable estoppel did not bar the Commissioner from including more than 23.934% of the value of the real property for purposes of determining the tax due on Verlena's estate. It is urged that in the circumstances of this case the application of estoppel is proper. We disagree.

 The Commissioner's inclusion of half the value of the 2,190 acres in Verlena's estate comports with current law, and is essentially the correction of a prior legal error. It is undisputed that the position taken by the IRS with respect to the inclusion of more than half the value of this property in Edward's gross estate was incorrect; several judicial decisions had adopted the opposite view at the time the estate tax liability was settled, and the IRS itself subsequently reversed its position in issuing Rev.Rul. 69–577. The Commissioner's prior action, which was based upon an erroneous legal position, cannot now estop him from including in Verlena's estate half the value of the property in question. "The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law." *Automobile Club of Michigan v. Commissioner,* 353 U.S. 180, 183, 77

S.Ct. 707, 709, 1 L.Ed.2d 746 (1957) (footnote omitted). In light of this reasoning, equitable estoppel has been held to be inapplicable against the Commissioner in cases factually similar to the present action, *see, e.g., Massaglia v. Commissioner,* 286 F.2d 258, 262 (4th Cir.1961); *Estate of Guenzel v. Commissioner,* 258 F.2d 248, 252–55 (8th Cir.1958), and its application is equally improper here.[2] We find no error in the district court's refusal to apply the doctrine.

## III. Equitable Recoupment.

As indicated, although the district court concluded that equitable estoppel would not bar the inclusion of half the value of the 2,190 acres in Verlena's gross estate, it did find recoupment principles applicable in this case, and concluded that the estate was accordingly entitled to recover the overpayment of tax and interest made by Edward's estate which resulted from the erroneous inclusion of more than half the property's value in his gross estate.

 Recoupment has been applied in tax cases where the bar of the statute of limitations has resulted in inequitable consequences to either taxpayers or the government. *See, e.g., Stone v. White,* 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937); *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). Its application is limited to circumstances where "a single transaction constitute[s] the taxable event claimed upon and the one considered in recoupment." *Rothensies v. Electric Storage Battery Co.,* 329 U.S. 296, 299, 67 S.Ct. 271, 272, 91 L.Ed. 296 (1947). Thus, before the doctrine will be applied in any case, "the offsetting amount from the year barred by the statute of limitations must

**2.** We also observe that at least traditionally, conduct amounting to a representation or concealment of a material fact is an element which must be demonstrated before the doctrine of equitable estoppel will be applied. *See generally* 10 J. Mertens, *The Law of Federal Income Taxation* § 60.02 (1976 rev. ed.). In the present case, we question whether this requisite has been satisfied. There is no indication that the government made any representations concerning its future treatment of Verlena's life interest in the property in question, *see Estate of Guenzel v. Commissioner,* 258 F.2d 248, 255 (8th Cir.1958), nor can we say that the government's action alone constituted such a representation. *Cf. Brantingham v. United States,* 631 F.2d 542, 545 (7th Cir.1980) (nothing in Commissioner's statement disallowing marital deduction to husband's estate suggested any disposition as to the inclusion of related life estate in estate of wife).

result from the same transaction which gave rise to the refund or deficiency in the open year." 10 J. Mertens, *The Law of Federal Income Taxation* § 60.05, at 16 (1976 rev. ed.).

■ The government essentially contends that the "single transaction" requirement is not satisfied in the present case because the estate taxes imposed in connection with the real property resulted from two separate taxable events, the respective deaths of Edward and Verlena Vitt. We do not agree. The taxes in issue each pertain to the same tract of property; more importantly, the inclusion of the property's partial value in both the estates under section 2036 in essence resulted from the same transaction— the Vitts' transfer of the real property, as joint owners, with the retention of a life estate for their joint lives and for the life of the survivor. This transaction was the basis for the erroneous inclusion of more than half the value of the property in Edward's estate, and it also gave rise to the deficiency assessed with respect to Verlena's estate. Thus, in the circumstances of this case, "a single transaction constitute[s] the taxable event claimed upon and the one considered in recoupment," *see Electric Storage Battery,* 329 U.S. at 299, 67 S.Ct. at 272, and the district court therefore did not err in permitting recoupment.[3]

IV. Conclusion.

In sum, we conclude that the district court correctly determined the applicability of the equitable estoppel and recoupment doctrines in this case. Accordingly, its judgment is affirmed.

---

**3.** We are also unpersuaded by the government's contention that recoupment is improper in the instant case because no identity of beneficial interest exists between the payor of the erroneous overpayment and the recipients of the recoupment. Absence of an identity of interest may result in the denial of recoupment. *See, e.g., Kramer v. United States,* 406 F.2d 1363, 1370–71 (Ct.Cl.1969). In this case, however, we believe sufficient identity of interest has been demonstrated. In substance, the same parties detrimentally affected by the overpayment will receive the proceeds from recoupment; no additional parties will benefit from recoupment here, nor will any party previously affected adversely be precluded from recovery. *Compare Kramer,* 406 F.2d at 1371.