acts a penalty. Schlitz has had the use of the damage award throughout the course of judicial proceedings, and payment of the interest thereon serves only to give Geocaris full compensation for its damages.

■ We do not go so far, however, to conclude that Schlitz' appeal was so frivolous as to support an award of attorney fees to Geocaris under Fed.R.App.P. 38. Such awards may be granted in the court's discretion "in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant." Fed.R. App.P. 38 advisory committee note. In this case, we are mindful of the fact that the merits of the jurisdictional and substantive questions raised here were not and are not entirely settled. Thus, we cannot conclude that this appeal was frivolously brought. Costs shall be awarded to the appellee as a matter of course, however. Fed.R.App.P. 39(a).

The amended judgment of the district court is affirmed.

Gary D. Gray, Dept. of Justice, Washington, D.C., for appellant.

Jeremiah D. Murphy, Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and McMANUS,* Senior District Judge.

McMANUS, Senior District Judge.

**UNITED STATES of America, Appellant,**

v.

**TOMAR HILLS, INC., Appellee.**

No. 85–5040.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1985.

Decided Feb. 13, 1986.

Appellant-plaintiff, United States, appeals from the denial of its motion for summary judgment and the dismissal of this action for recovery of a tax refund made to appellee-defendant, Tomar Hills, Inc. (Tomar Hills). For reversal, the United States argues that the district court erred as a matter of law in applying the doctrine of equitable recoupment to bar the recovery of a tax refund erroneously made pursuant to an untimely claim for refund. We reverse.

* The HONORABLE EDWARD J. McMANUS, Senior United States District Judge for the Northern

District of Iowa, sitting by designation.

## I. FACTS

On April 4, 1977, Tomar Hills filed a corporate income tax return for the fiscal year ending October 31, 1976, in which it claimed the benefit of the corporate surtax exemption. On June 20, 1979, the Internal Revenue Service (IRS) assessed a deficiency of $6,682.80 against Tomar Hills pursuant to Treasury Regulation § 1.1563-1(a)(3). The IRS asserted that Tomar Hills and its sister corporation, Harr Construction, Inc., were required to share a single corporate surtax exemption. Tomar Hills consented to the assessment of the deficiency and paid the IRS $7,775.50 on September 13, 1979. The IRS' position was held erroneous in another case on January 13, 1982. *United States v. Vogel Fertilizer Co.*, 455 U.S. 16, 102 S.Ct. 821, 70 L.Ed.2d 792 (1982). Because the deficiency assessment was improper, the defendant filed an Amended Form 1120X on March 16, 1982 for refund of the tax paid acknowledging that the three year limitation period for filing a refund claim had expired. On May 31, 1982, Tomar Hills was refunded $10,304.14 for the tax erroneously collected by the IRS. On May 29, 1984, the IRS sued to recover taxes refunded.

The district court dismissed the case based on equitable recoupment. The court stated:

> Section 6511 of 26 U.S.C. would preclude the taxpayer from maintaining a direct suit against the United States, but I believe the unique facts of this case entitle the taxpayer to set up recoupment as a defense under the rules of law established in *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). *Cf. Estate of Vitt v. United States*, 706 F.2d 871 (8th Cir.1983). It follows that the defendant is entitled to judgment as a matter of law, and the action should be dismissed.
>
> I feel compelled to add parenthetically that I am appalled that the Internal Revenue Service would use its scarce litigation resources to attempt to collect for the second time taxes which it was not legally entitled to receive under the tax statutes in the first instance.

*United States v. Tomar Hills, Inc.*, No. CIV84-4114, slip op. at 2 (D.S.D. Dec. 20, 1984).

## II. DISCUSSION

The refund to Tomar Hills was erroneous since it was made pursuant to an untimely claim for refund. 26 U.S.C. § 6514(a)(1). This action for the recovery of an erroneous refund was timely filed. 26 U.S.C. §§ 6532(b), 7405(a). Accordingly, the only issue on appeal is whether the doctrine of equitable recoupment provides a defense.

Equitable recoupment is a defense in tax cases when the bar of the statute of limitations has resulted in inequitable consequences. *Estate of Vitt v. United States*, 706 F.2d 871, 874 (8th Cir.1983). Its application is limited to circumstances in which " 'a single transaction constitute[s] the taxable event claimed upon and the one considered in recoupment.' " *Id.* (quoting *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 299, 67 S.Ct. 271, 272, 91 L.Ed. 296 (1946)). In *Rothensies v. Electric Storage Battery Co.*, the Supreme Court identified the facts of the only cases in which it applied equitable recoupment and declined to further expand the doctrine. 329 U.S. 296, 300–01, 67 S.Ct. 271, 272–73, 91 L.Ed. 296 (1946). The Supreme Court had applied equitable recoupment only in tax cases in which a single transaction had been subject to two taxes on inconsistent legal theories. *Id.* (citing *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935) and *Stone v. White*, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937)).

While the Supreme Court has not decided a case where the tax paid in error was erroneously refunded, the Third Circuit has held that a taxpayer is not entitled to retain an amount erroneously refunded on the basis of an untimely refund claim. *United States v. Gulf Oil Corp.*, 485 F.2d 331, 332–33 (3d Cir.1973). The court limited equitable recoupment to situations where two taxes have been assessed against one fund. *Id.* at 333. In this case, as in *Gulf Oil*,

defendant seeks to recover a tax payment that the statute of limitations barred it from recovering, the same tax payment which the government erroneously refunded and for which it is now claiming recovery. *See Id.*

This circuit will follow the Third Circuit and limit the use of equitable recoupment. If the government had not erroneously refunded the tax and defendant had sued for a refund, defendant would not have been able to recover the tax paid. *See O'Brien v. United States*, 766 F.2d 1038, 1049 (7th Cir.1985). Taxpayers who do not challenge deficiencies in court should not be granted untimely refunds after the IRS' position is held erroneous in another case. Taxpayers should not be encouraged to seek untimely refunds, hoping that they will be erroneously granted, thus providing a chance to apply equitable recoupment.

Reversed and remanded to the district court for entry of judgment for the United States.