**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Clarence J. PRINCE, Defendant-Appellant.**

**No. 438, Docket 29517.**

United States Court of Appeals
Second Circuit.

Argued May 27, 1965.

Decided July 13, 1965.

George F. Lynch, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and David O. Walter, Dept. of Justice, Washington, D. C., Joseph P. Hoey, U. S. Atty. for the Eastern Dist. of New York and William N. McKee, Jr., Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Robert Conrad, New York City (Goldwater & Flynn, New York City, on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and SMITH aud KAUFMAN, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

This is an appeal by taxpayer from summary judgment in favor of the United States, entered in the United States District Court for the Eastern District of New York, John F. Dooling, Judge, in an action to collect income taxes assessed for the years 1945 and 1946, including fraud penalties and interest. We conclude that summary judgment was properly entered for the tax assessments and interest thereon, and affirm that portion of the judgment. We conclude that genuine issue as to material facts exists as to the fraud penalties and reverse the judgment so far as it reflects fraud penalties and interest thereon and remand for trial of this issue.

Appellant taxpayer signed a Form 870-AD agreement, entitled "Offer of Waiver of Restrictions on Assessments and Collection of Deficiency in Tax and of Acceptance of Overassessment," which was subsequently accepted by the Commissioner of Internal Revenue. Under that agreement, taxpayer's assessments for delinquent taxes for the years 1945 and 1946 were adjusted downward by about 60%, and it was specifically provided therein that if the offer was accepted by the Commissioner, as it was, the case would not be reopened in the absence of fraud, malfeasance, concealment or misrepresentation of material fact, or an important mistake in mathematical calculation. The proposal also stated that it was not drawn under 26 U.S.C. § 7121 which authorizes final closing agreements.

Following non-payment by appellant of the assessments, the Government instituted suit to effect their collection. The Government thereupon moved for an order granting summary judgment for the amount of the assessments plus interest. The District Court, Dooling, D. J., granted summary judgment on the ground that taxpayer did not bring forward any evidence or indicate the existence of specific facts which could suggest that the amounts of taxes and penalties assessed were not due. Taxpayer had stated in his opposing affidavit that he had signed the Form 870-AD in blank to assist his attorney in effecting a settlement and that he had never consented to the assessments that were presumably agreed upon. But, as the District Court noted, these allegations did not impeach the validity of the form, but simply demonstrated taxpayer's dissatisfaction with the result of entrusting his affairs to counsel. Aside from finding that taxpayer's affidavit raised no material issues of fact, the court also held (contrary to the Government's contentions) that the signed 870-AD proposal did not constitute a simple contract because it was not drawn under § 7121 and because there were present no elements of estop-

pel to preclude taxpayer from disputing the existence of a contract.

■■■ We agree with Judge Dooling on the issues of contract and estoppel. We agree further that taxpayer's affidavit raised no genuine issue of fact as to the validity of the underlying assessment, which is presumptively correct. We hold, however, that this presumption does not apply to the fraud penalties, that the Government's burden to make out a prima facie case of fraud is not met and that a genuine issue remains for trial. On the showing here, partial summary judgment for the tax assessments and interest thereon was justified, but on the issue of the fraud penalties and interest thereon taxpayer was entitled to a trial.

The tax assessments were presumptively correct. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933). Prince's affidavit in opposition to the Government's motion for summary judgment was merely a series of conclusory denials without factual support. "I have denied * * * that I owe any taxes whatsoever"; "I never agreed to the figures"; "I did not consent to the assessment." The Government's moving papers showed that the income taxes sought to be collected were duly assessed but not paid. Prince concedes that he signed the waiver form. Even if at the time he signed it, the figures were omitted from the form, as Prince claims, the printed language of the form waived the prior issuance of a notice of deficiency. Prince's mere conclusory denials did not meet his burden of alleging facts showing that the assessments were erroneous. 9 Mertens, Federal Income Taxation, § 50.61. United States v. Lease, 346 F.2d 696 (2 Cir. 6/9/1965). Mere formal denials and allegations should be pierced upon Rule 56 motions and cannot forestall the award of summary relief. Rule 56(e) as amended[1] requires the party opposing summary judgment to "set forth specific facts showing that there is a genuine issue for trial." The purpose of this amendment was to strengthen the weapon of summary judgment as a device to screen out sham issues of fact. Dressler v. M. V. Sandpiper, 331 F.2d 130 (2 Cir. 1964). So far as the judgment reflected the tax assessments themselves and interest thereon it was therefore well founded.

The situation differs, however, as to the portion of the judgment reflecting the fraud penalties and interest thereon. The assessment of fraud penalties concededly carries no presumption of validity, the burden of proof on this issue resting on the Government both under the Code, 26 U.S.C. § 7454[2] and the cases, Paddock v. United States, 280 F.2d 563 (2 Cir. 1960); Clark v. C. I. R., 266 F.2d 698 (9 Cir. 1959).[3] The Government's moving papers furnish no factual basis for a finding that the burden is met.

---

1. Rule 56(e) as amended.
   Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

2. 26 U.S.C. § 7454. Burden of proof in fraud and transferee cases
   (a) Fraud.—In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary or his delegate.

3. "No presumption of correctness attaches to the penalty as it does to the deficiency.

The Government's alternative claims that the entire judgment may be sustained either under a theory of simple contract or a theory of estoppel are not persuasive. We do not write on a clean slate in applying simple contract offer and acceptance theory to the actions of taxpayer and Internal Revenue Service with respect to Form 870-AD, for the Congress has circumscribed the dealings of taxpayer and government representative in the Code, § 7121[4] and § 7122,[5] the requirements of which are not met by Form 870-AD. United States v. Ellis, 264 F.2d 325 (2 Cir. 1959), affirming 154 F.Supp. 32 (S.D.N.Y.1957).[6] Nor would the taxpayer be barred from disputing the fraud penalty figures in the Form on any estoppel theory, since, as Judge Dooling pointed out below, far from relying on it "the Government has consciously chosen, in adjusting the tax liabilities involved, that the adjustment shall not be a final closing agreement." Moreover, on any estoppel theory, issues would exist of justifiable reliance and detriment (the Government concedes, as it must, that if fraud exists there is no statute of limitations on additional assessments) not resolved on the moving papers which would make summary judgment on that basis inappropriate. See Morris White

The burden is on the Commissioner to establish by clear and convincing evidence that at least some part of the deficiency was due to fraud. A mere preponderance of the evidence will not be sufficient to discharge the Commissioner's burden. I.R.C. (1939) Sec. 1112; Baumgardner, supra, 322; Kurnick v. Commissioner, 6 Cir., 1956, 232 F.2d 678, 681; Drieborg v. Commissioner, 6 Cir., 1955, 225 F.2d 216, 218; Wiseley v. Commissioner, 6 Cir., 1950, 185 F.2d 263, 266. Whether the understatement of income in the return is due to fraud presents a question of fact, * * *" [footnote omitted]. 266 F.2d 698, 717.

4. 26 U.S.C. § 7121. Closing agreements
    (a) Authorization.—The Secretary or his delegate is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period.
    (b) Finality.—If such agreement is approved by the Secretary or his delegate (within such time as may be stated in such agreement, or later agreed to) such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact—
        (1) the case shall not be reopened as to the matters agreed upon or the agreement modified by any officer, employee, or agent of the United States, and
        (2) in any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded.

5. 26 U.S.C. § 1722. Compromises
    (a) Authorization.—The Secretary or his delegate may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any such case after reference to the Department of Justice for prosecution or defense.
    (b) Record.—Whenever a compromise is made by the Secretary or his delegate in any case, there shall be placed on file in the office of the Secretary or his delegate the opinion of the General Counsel for the Department of the Treasury or his delegate, with his reasons therefor, with a statement of—
        (1) The amount of tax assessed,
        (2) The amount of interest, additional amount, addition to the tax, or assessable penalty, imposed by law on the person against whom the tax is assessed, and
        (3) The amount actually paid in accordance with the terms of the compromise.
    Notwithstanding the foregoing provisions of this subsection, no such opinion shall be required with respect to the compromise of any civil case in which the unpaid amount of tax assessed (including any interest, additional amount, addition to the tax, or assessable penalty) is less than $500.

6. Cf. Cuba RR v. United States, 124 F. Supp. 182, 184 (S.D.N.Y.1954); Bank of N. Y. v. United States, 141 F.Supp. 364, 367-8 (S.D.N.Y.1956); Cuba RR v. United States, 135 F.Supp. 847 (S.D.N.Y. 1955); Cuba RR v. United States, 254 F. 2d 280, 281 (2 Cir. 1958).

Fashions v. United States, 176 F.Supp. 760 (S.D.N.Y.1959).

Judgment affirmed as to amount of tax assessments and interest thereon, reversed and remanded for trial as to fraud penalties and interest thereon.