**UNITED STATES of America,
Plaintiff,**

v.

**W. Kenneth DUFFY, Defendant.**

**Civ. No. 72–626.**

United States District Court,
M. D. Pennsylvania.

March 18, 1974.

J. Clancy Wilson, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., S. John Cottone, U. S. Atty., James Walker, Lawrence M. Kelly, Asst. U. S. Attys., for plaintiff.

W. Kenneth Duffy, pro se.

MEMORANDUM

HERMAN, District Judge.

This matter is before the court as a result of a civil complaint by the United

States of America seeking judgment against the defendant for a deficiency of assessed income tax liability pursuant to § 6201 et seq. of the Internal Revenue Code (26 U.S.C.A. § 6201 et seq.). The action was brought under the Code Section 7401 et seq. (26 U.S.C.A. § 7401 et seq.).

After the matter was at issue, pretrial and status report hearings were held and a trial date set for December 10, 1973. Prior to the trial date the government served on defendant interrogatories and requests for admissions which were not timely answered and could then have been considered admitted under Federal Rule of Civil Procedure 36, and on December 3, 1973 the government sought summary judgment on the grounds that the failure to answer the request for admissions amounting to an admission of these facts left no genuine issue as to any material fact. On December 7, 1973 defendant then answered the requests *admitting all of them*, which, of course, did not change defendant's position. Five days later, and one day before trial was actually held on December 13th, defendant filed amended answers equivocally denying much of the requests.

While perhaps summary judgment might have been granted to plaintiff at that time (see, United States v. Prince, 348 F.2d 746 (2d Cir. 1965)), the court, out of an abundance of caution, reserved decision thereon and just prior to trial heard arguments of both sides and then took testimony on all issues.

■ One of the defenses was that an appeal from the assessments had been taken and the appellate authorities had not yet set a date for hearing and therefore the government could not here proceed in this forum. Taxpayer offered no proof except his unsupported testimony that he had filed papers appealing the assessment and the government denied that such appeal had been taken. While we find as a fact that no appeal was duly taken; nevertheless, on the complete record made here we conclude that had an appeal been taken the gov-

ernment would have there prevailed, as we find it does here.

Defendant's attack on the assessments (which we find to have been duly made) fall far short of sustaining the burden placed on him by the Internal Revenue Code and the cases decided thereunder.

■ It is clear that when the Secretary of the Treasury or his delegate has made an assessment as was done here and then proceeds to collect the tax found due as in the instant case, the burden of proof is on the taxpayer to show that the assessment was not correct.

■ The assessment is prima facie evidence of the amount of taxes due and if the assessment is not impeached it is sufficient to justify a recovery. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933); Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623 (1935); 9 Mertens Law of Federal Income Taxation § 50.61 (rev. ed. 1971).

The taxpayer must convince the trier of fact by a preponderance of evidence that the deficiency was factually incorrect and this he has completely failed to do. In addition to offering self-serving affidavits that along with a job for the Commonwealth of Pennsylvania, in Harrisburg, he practiced law in Wilkes-Barre, and thus incurred and paid certain expenses which he claimed as deductions, the taxpayer also so testified at length to such deductions. He offered no other witnesses however, and submitted to the court in support of his contentions only several bundles of cancelled checks without attempting to identify any of them.

In examining the checks the court finds that the great majority of them have no explanation as to what they purport to be payment for and many of those that do have an explanation on the face thereof explain only in red ink, obviously written after the checks were cashed and returned to taxpayer, that the *check was given for* "office expenses" or some similar deductible item. In

our opinion this falls far short of meeting the burden placed on the taxpayer to show that the assessment was incorrect.

 Taxpayer, as an apparent excuse for failure to present better proof, says that the flood waters of the Susquehanna River as a result of the Agnes Hurricane destroyed most of his records. Of course, that flood occurred in the Spring of 1972 and the assessments in this matter and the notices to taxpayer of his tax deficiency and his right to appeal all occurred in 1966. Impossibility of the taxpayer to make proof does not relieve him of his burden. *See, Mertens, supra,* § 50.61, pp. 178–79, and cases there cited.

Judgment will be entered for the United States of America.