**Robert W. JUBACK, Plaintiff,**

v.

**U. S. COMMISSIONER, INTERNAL REVENUE SERVICE, Defendant.**

**80 Civ. 5040 (KTD).**

United States District Court, S. D. New York.

Sept. 30, 1981.

Robert W. Juback, pro se.

John S. Martin, Jr., U. S. Atty. for S. D. New York, New York City, for defendant; Steven E. Obus, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

In this action to recover an overpayment of income tax paid for the calendar year 1975 in the amount of $2,958.54, the defendant United States[1] moves for summary judgment dismissing the complaint. The plaintiff asserts that he suffered a theft loss during the taxable year 1975 which he never claimed on his taxes. The circumstances surrounding this alleged theft are not in dispute.

In November, 1974, a receiver appointed by the court which had presided over plaintiff's divorce litigation arranged for the storage of certain of plaintiff's property at a warehouse. At the time, the plaintiff was on one of his frequent trips abroad on business. On several occasions between November, 1974 and September, 1975, the warehouse advised plaintiff that storage charges remained unpaid. By letter dated

---

1. The United States is substituted as defendant for the United States Commissioner, Internal Revenue Service. *See* 26 U.S.C. § 7422(f)(2).

January 27, 1975, plaintiff advised the warehouse that it was authorized to place plaintiff's property up for public auction in order to cover these mounting costs. Plaintiff further requested that he be notified of the date of the auction.

By letters dated February 26, 1975, March 13, 1975 and April 11, 1975, the president of the warehouse, Mr. Rockwood, advised plaintiff of the disadvantages of public auction to both the warehouse and the plaintiff. After not hearing from the plaintiff, Rockwood advised the plaintiff by letter that an auction would be held. Rockwood then made at least two unsuccessful attempts to contact defendant's lawyer. Then, by letter dated September 29, 1975, Rockwood gave final notice to the plaintiff and his lawyer that the property would be auctioned if the overdue storage costs were not paid by October 14, 1975.

On October 15, 1975, Rockwood sent to plaintiff and to his lawyer by certified mail, return receipt requested, a Sale Notice which stated that plaintiff's stored property would be sold at auction on November 6, 1975. Plaintiff's copy of the Notice was not received by him personally but instead by one William Quinlan.

On November 6, 1975, plaintiff's property was allegedly sold to a relative of Rockwood for $900. According to the plaintiff, the property was worth $17,760.

Plaintiff asserts that this alleged auction constituted a theft for which he may take a deduction on his taxes under Section 165(c)(3) of the Internal Revenue Code of 1954, 26 U.S.C. § 165(c)(3). To be entitled to this theft deduction, a taxpayer must demonstrate that he suffered a loss and that his property was misappropriated by another acting with criminal intent. *Bonney v. Commissioner*, 247 F.2d 237 (2d Cir.), *cert. denied*, 355 U.S. 906, 78 S.Ct. 333, 2 L.Ed.2d 261 (1957). A theft loss is deductible regardless of whether the alleged theft is prosecuted so long as there was an illegal taking of property under the law of the state where the loss occurred. *Carlisle v. Commissioner*, 35 T.C.M. 1976–314.

Although the sale of the property may have been a product of collusion as alleged by the plaintiff, there is no evidence of wrongdoing by the warehouse. First, Rockwood made several attempts to notify the plaintiff and his attorney of the auction. Second, the warehouse was permitted under New York law to sell the property to itself. *See* New York Uniform Commercial Code § 7–210(4) (McKinney's 1964). Finally, the simple fact that the property was sold for much less than it was worth is not itself evidence of a theft. *See, e. g., Carlisle v. Commissioner*, 35 T.C.M. 1976–314. (No theft loss where goods allegedly worth $19,185 were sold at auction for $997.50).

Even if a theft did occur, the plaintiff may not seek a refund for the loss on his 1975 income tax. According to plaintiff, he did not discover that his property was sold until November, 1976. Under the federal tax law, 26 U.S.C. § 165(c)(3), a loss is sustained during the taxable year in which the taxpayer discovers such loss. Thus, plaintiff was not entitled to the tax deduction on his 1975 tax return.

For the foregoing reasons, plaintiff's complaint must be dismissed.

SO ORDERED.