John LARY, Jr., and Sherry S. Lary, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. CV82–L–5689–NE.

United States District Court, N.D. Alabama, Northeastern Division.

April 1, 1985.

Dr. John Lary, pro se.

Frank W. Donaldson, U.S. Atty., Caryl P. Privett, Asst. U.S. Atty., Birmingham, Ala., Lance J. Wolf, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

LYNNE, Senior District Judge.

This cause, coming on to be heard at this Court's regular motion docket in Decatur, Alabama, on March 22, 1985, was submitted upon the motion for summary judgment filed by the defendant. Upon consideration of that motion together with the submissions of the parties and the record in this case, the Court concludes that summary judgment is due to be granted in favor of the government.

First, with respect to the claimed deductions for automobile expenses, including depreciation, attributable to Dr. Lary's travel between his home and his medical office, this Court is of the opinion that there exists no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. From the evidence which has been adduced, it is clear that Dr. Lary's trip from his home to his clinical office is a non-deductible personal expense in the nature of a commute from his residence to his place of business. *Cf. Commissioner v. Flowers*, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946).

 The plaintiffs' attempt to draw parallels between their situation and the case of *Wisconsin Psychiatric Services v. Commissioner*, 76 T.C. 839 (1981), is faulty. In *Wisconsin Psychiatric Services*, the taxpayer, a doctor, conducted the major portion of his outpatient sessions at home. He also used his home for research and paperwork relating to his patients who were in the hospital. The Court had no problem finding that the doctor's home was his "principal office" and the focal point of his psychiatric practice.

Dr. Lary, on the other hand, admits that he did not see his patients at home. Rather, all but the most ministerial aspects of

his practice took place at Dr. Lary's clinical office. The bedroom or study which he describes as his "home office" was used solely for storage of records, bookkeeping, and medical records transcription in connection with his own medical practice. These are integral facets of Dr. Lary's day-to-day medical practice and do not amount to a separate business. In no way can Lary's "home office" be characterized as his principal office and the focal point of his medical practice.

Plaintiffs apparently misunderstand the circumstances in which a taxpayer's trip from his home to other places of work is deductible. The rule, set out clearly in the case of *Curphey v. Commissioner*, 73 T.C. 766 (1980), is that a taxpayer may deduct the transportation expenses incurred in traveling between his home and other business locations when the taxpayer's home is his principal place of business with respect to those business activities. *Curphey* at 777–78. *See also Hulme v. United States*, 16 AFTR 2d 5084, 1965–2 USTC par. 9499 (N.D.Cal.1965); *St. John v. Commissioner*, T.C. Memo 1970–238. *Compare* 26 U.S.C. § 280A(c)(1)(A). Only under those circumstances is the taxpayer's commute viewed as a trip between business locations.

In all of the cases cited by the plaintiffs, including *Green v. Commissioner*, 59 T.C. 456 (1972), and *Wisconsin Psychiatric Services v. Commissioner* at 848–50, the courts have adhered to the rule that a taxpayer may deduct travel expenses from the taxpayer's home to his other business locations only when the taxpayer's home was his principal place of business for that particular business. As noted earlier, Dr. Lary maintains an office away from his house which is the principal office for his medical profession. The work he does at home arises out of and is incidental to the work he does at his clinic. Thus, the bedroom or study which Dr. Lary once used to transcribe medical notes and update records was at best a secondary office for the practice of his profession. *Cf. Judisch v. United States*, 755 F.2d 823, 829 n. 14

(11th Cir.1985); *Jackson v. Commissioner*, 76 T.C. 696 (1981); *Baie v. Commissioner*, 74 T.C. 105 (1980). In these circumstances, Dr. Lary is not entitled to deduct the expenses of his travel between home and office. *See Hamblen v. Commissioner*, 78 T.C. 53 (1982). *See also Mazzotta v. Commissioner*, 57 T.C. 427 (1971), *affirmed per curiam* 465 F.2d 1399 (2d Cir.1972); *Steinhort v. Commissioner*, 335 F.2d 496 (5th Cir.1964); *Heuer v. Commissioner*, 32 T.C. 947 (1959), *affirmed per curiam* 283 F.2d 865 (5th Cir.1960).

Clearly, Dr. Lary would have returned home at the end of each day even if he had chosen to do his recordkeeping at his clinical office. It may fairly be said that the primary purpose for such trips was to be at home (in the popular sense of the term) at the end of a day's work. *Cf. Mazzotta, supra; Green v. Commissioner, supra; Smith v. Warren*, 388 F.2d 671 (9th Cir. 1968). Dr. Lary incurred no additional expense in commuting by virtue of the fact that he chose to relegate the normal recordkeeping aspects of his practice to the comfort of his home. *Cf. Bloomberg v. Commissioner*, ¶ 79,050 P–H Memo T.C.; *Chembini v. Commissioner*, ¶ 78,512 P–H Memo T.C. As plaintiffs have essentially conceded in their own motion for summary judgment which was previously denied, there exists no genuine issue of fact as to the automobile expense deductions. The Court concludes that the defendant is entitled to judgment as a matter of law with regard to these claims.

Having determined that Dr. Lary's automobile expenses are nondeductible insofar as they are attributable to his daily commuting between his home and his clinical office, it becomes clear as a matter of law that Dr. Lary is not entitled to the 100% investment tax credit under 26 U.S.C. §§ 38 and 46 for the Mercedes automobile which he used to commute. An automobile used to commute to work is not eligible for an investment tax credit. *C. Ray Culver, Inc. v. Commissioner*, 84, 614 P.H. Memo. Accordingly, the defendant is entitled to judg-

ment as a matter of law on this claim as well.

Turning next to the claimed deductions for theft loss suffered by Village Green, Ltd., a limited partnership in which Dr. Lary owned a 9.5 percent interest, it is clear that if such a loss was incurred, it was discovered in a year other than 1975 or 1976. Therefore, the plaintiffs are not entitled to a deduction for the claimed loss in those years. The Internal Revenue Code distinguishes between a theft loss and other losses taken pursuant to Section 165 of the Internal Revenue Code. Under Section 165(a) of the Internal Revenue Code, "there shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise." Section 165(e) provides that "for purposes of subsection (a), any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss."

Moreover, Treas.Reg. § 1.165–8(a) provides:

(1) Except as otherwise provided in paragraphs (b) and (c) of this section, any loss arising from theft is allowable as a deduction under section 165(a) for the taxable year in which the loss is sustained. See Section 165(c)(3).

(2) A loss arising from theft shall be treated under section 165(a) as sustained during the taxable year in which the taxpayer discovers the loss. See section 165(e). Thus, a theft loss is not deductible under section 165(a) for the taxable year in which the theft actually occurs unless that is also the year in which the taxpayer discovers the loss. However, if in the year of discovery their exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, see paragraph (d) of § 1.165–1.

If the plaintiffs sustained a theft loss, they are entitled to a deduction in accordance to the theft loss deduction provisions of the Internal Revenue Code and applicable valid regulations, and not otherwise.

■ The plaintiffs now claim that they knew of losses in 1975 and 1976, but thought those losses were business losses as opposed to theft losses. The plaintiffs assert that under Section 165(e) it is the discovery of a loss as opposed to the discovery of the theft that determines the year in which to take the deduction. In a sense, this may be true. *See Rainbow Inn, Inc. v. C.I.R.*, 433 F.2d 640 (3rd Cir. 1970). However, in the circumstances of this case, the Court is convinced that no reasonable interpretation of Section 165(e) would allow plaintiffs to take a theft loss deduction in 1975 or 1976. The relevant year is not the year in which a business "loss" is incurred or reflected on the books of a business, but the year in which a *"theft* loss" is discovered. Clearly, that year was some year other than 1975 or 1976 insofar as we are concerned here.

■ Plaintiffs have also claimed that they are entitled to deduct, as business expenses, certain legal and accounting fees incurred by Village Green, Ltd. However, the plaintiffs' showing of entitlement to any such deductions is woefully inadequate. A taxpayer has the specific burden of proving he is entitled to all deductions claimed. *See Welch v. Helvering*, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933). The taxpayer's burden cannot be satisfied merely on the basis of unsupported assertions. Instead, he must come forward with substantial evidence in support of his position. Specifically, in the case of disallowed business deductions, the taxpayer must come forward with evidence establishing that the claimed expenditures were in fact incurred and that the requirements of Section 162 of the Internal Revenue Code of 1954 (26 U.S.C.) were met, to-wit, that the expenditures were ordinary and necessary expenses incurred during the taxable year in carrying on a trade or business. Accordingly, bald assertions by the taxpayer that disputed expenses were incurred for business purposes or that assets sold by him were capital assets simply are insufficient to carry his burden. *See Lunsford v. Commissioner*, 212 F.2d 878, 883 (5th Cir. 1954); *Mears v. Commissioner*, 35 T.C.M. (P–H) para 66,173 (1966), *aff'd* 386 F.2d 450

(5th Cir.1967); *Davis v. Commissioner,* 674 F.2d 553 (6th Cir.1982); *Moriarty v. Commissioner,* 18 T.C. 327, 329 (1952), *aff'd,* 208 F.2d 43 (D.C.Cir.1953); *United States v. Bullock,* 34 A.F.T.R.2d 6353 (Del. June 12, 1974); *Joseph v. Commissioner,* 39 T.C.M. (P–H) para. 70,347 (1970). Where, as in the instant case, the taxpayer fails to come forward with, or even show that there exists, any substantial evidence tending to establish that the Commissioner's deficiency determination is incorrect, summary judgment is appropriate. In such a situation the taxpayer will have failed to establish a genuine issue for trial. *See United States v. Prince,* 348 F.2d 746, 747–48 (2d Cir.1965); *Robin Construction Co. v. United States,* 345 F.2d 610 (3rd Cir. 1965); *Mears v. Commissioner, supra.*

In the instant case, the plaintiffs have failed to come forward either during discovery or in response to the motion of the United States for summary judgment with any substantial evidence that would tend to establish that the Commissioner's deficiency determinations were incorrect, and that the legal and accounting fees here involved were business expenses rather than capital expenditures. During discovery, the taxpayer was served with interrogatories regarding disallowed deductions. The questions were specific with respect to each claimed expense and requested that the taxpayer identify and describe with specificty any document that would support his various deductions. He was also asked to supply the names of any third parties that would have knowledge of the expenses. The plaintiffs failed to mention anything regarding their entitlement to deduct, as a business expense, attorney and accounting fees. Similarly, in their opposition to the motion of the United States for summary judgment, the plaintiffs have again failed to come forward with any evidence that would tend to establish that the Commissioner's deficiency determination was incorrect. Consequently, it has not been demonstrated that there exists any genuine issue for trial as to this claim, and defendant is therefore entitled to judgment as a matter of law.

In their response to the motion of the United States for summary judgment, the plaintiffs next assert that they have produced evidence to substantiate their claim of entitlement to investment tax credits and depreciation deductions for certain medical equipment. However, the only thing adduced to substantiate this claim is Dr. Lary's handwritten depreciation schedule purportedly included in their claim for refund. This schedule lists the relevant equipment, the date of its acquisition, bare allegations as to its cost or basis, and the sales tax allegedly paid upon purchase of the equipment. The schedule contains no information as to the condition of the equipment or remaining useful life of the equipment or the method of depreciation used by plaintiffs in making their claim.

However, even assuming that the plaintiff's claim for a refund was adequate to apprise the Commissioner of the facts supporting plaintiffs' claim for a refund with regard to the medical equipment credits and deductions, *compare Pohlen v. Commissioner,* 165 F.2d 258 (5th Cir.1948); *Herrington v. United States,* 416 F.2d 1029 (10th Cir.1969); Rev.Rul. 68–617; and 1968–2 Cum.Bull. 93, the plaintiffs have utterly failed to come forward with any evidence whatsoever to support their claims. The plaintiffs, in response to the discovery requests of the United States, have not come forward with any evidence, documentary or otherwise, which would support their bare allegations or establish the equipment's cost, useful life, the method of depreciation, etc.

The plaintiffs must meet two burdens of proof with respect to this claim: (1) they must prove that the commissioner's determination was wrong; and (2) they must prove that the depreciation deductions and tax credits they claim are correct and reasonable. The taxpayer must furnish the Commissioner full information as to his basis in the property; its salvage value; the time of its acquisition; the period of its useful life; the extent to which it was previously depreciated; and the meth-

od of depreciation utilized. *Pohlen v. Commissioner*, 165 F.2d 258 (5th Cir.1948); *Campbell v. Commissioner*, 504 F.2d 1158 (6th Cir.1974). *See also Better Beverages, Inc. v. United States*, 619 F.2d 424, 427–28 (5th Cir.1980). Moreover, the taxpayer must keep accurate records from which such information may be obtained. *Pohlen*, 165 F.2d at 259. In the face of the government's motion for summary judgment, the plaintiffs have failed to come forward with any such records or any evidence from which such information could be obtained and substantiated. Therefore, this Court has no reasonable alternative but to grant the defendant's motion. *Cf. Davis v. C.I.R.*, 674 F.2d 553 (6th Cir.1982). The plaintiffs have not demonstrated that there exists any substantial evidence to support these claims or to create a genuine issue for trial on this point. It may be that such evidence exists, but the Larys, appearing *pro se* in this litigation, have failed to present it to the Court as the defendant's motion requires them to do. Accordingly, the defendant is entitled to judgment as a matter of law with respect to the medical equipment credits and deductions.

█ Finally, plaintiffs seek a deduction for a charitable contribution (pursuant to Section 170 of the Internal Revenue Code) for the fair market value of one unit of blood donated to the Red Cross on June 9, 1976. Section 170 allows a taxpayer to deduct certain charitable contributions of money or property made within the taxable year. However, no deduction is allowed for a contribution of services. Treas.Reg. § 1.170A–1(g). Furnishing blood for a transfusion or to a blood bank has been deemed analagous to the rendering of a personal service by the donor rather than a contribution of property, and the fair market value of blood donated by an individual to a charitable institution has long been held not to be deductible as a charitable contribution. Rev.Rul. 162, C–B, 162, C–B, 1953–2, p. 127. Plaintiffs have cited no precedent to the contrary, and in the absence of persuasive contrary authority, this Court declines to depart from the Commissioner's interpretation and the rule thus established. Accordingly, the defendant is entitled to judgment as a matter of law on this claim as well.

Based on the foregoing discussion, an order will be entered granting the defendant summary judgment and dismissing this case in its entirety.