**Arthur J. KAUTZMANN and Delores Kautzmann, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–85–85–BLG–JFB.**

United States District Court, D. Montana, Billings Division.

July 3, 1986.

James W. Thompson, McNamer & Thompson, Billings, Mont., for plaintiffs.

Lorraine D. Gallinger, Asst. U.S. Atty., Billings, Mont., for defendant.

## OPINION AND ORDER

BATTIN, Chief Judge.

Presently pending before the Court are plaintiffs' and defendant's cross-motions for summary judgment. For the reasons stated below, plaintiffs' motion is denied and defendant's motion is granted.

## FACTS AND CONTENTIONS

At issue is the deductibility of a $7,500.00 fee paid by the plaintiffs in 1976 to establish a family trust prepared by Estate Guardian Educational Trust (E.G.E.T.). Plaintiffs terminated the trust in the fall of 1977 upon the advice of their attorney that the trust would not achieve the tax results anticipated. Plaintiffs have been unsuccessful in retrieving the fee paid to E.G.E.T.

Plaintiffs filed an amended 1976 income tax return and deducted the $7,500.00 as an expense for the production of income, 26 U.S.C. § 212, and as theft loss, 26 U.S.C. § 165(e). The Internal Revenue Service denied the deduction, and plaintiffs commenced this action. Defendant maintains the payment of fees to establish a family trust does not constitute a deductible expense under § 212, and a theft loss is deductible, if at all, in the year of discovery in 1977.

## DISCUSSION

### 1. Section 212 Deduction

Expenses for the production of income, 26 U.S.C. § 212, provides, in part:

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year— ...;

(2) for the management, conservation, or maintenance of property held for the production of income; or

(3) in connection with the determination, collection or refund of any tax.

Plaintiffs have, at various times, raised both §§ 212(2) and (3) in support of the deduction. The Court finds neither persuasive.

■ An expenditure is not deductible under § 212(2) if it is a personal, living, or family expense which is nondeductible under § 262. The Tax Court holds the expenses of creating similar family trusts are nondeductible personal expenditures under § 262. *Luman v. Commissioner,* 79 T.C. 846 (1982); *Epp v. Commissioner,* 78 T.C. 801 (1982). This Court agrees. In this case, as in *Luman,* the family trust was set up for the taxpayers' "purely personal objectives." *Id.* at 857. The plaintiffs' primary concern in establishing the trust was for estate planning purposes and the minimization of tax obligations. Accordingly, the Court concludes the fee paid falls within the purview of § 262 and, therefore, is not deductible under § 212(2).

■ With regard to a § 212(3) deduction, § 1.212–1(l), Treasury Regs., states in part

that "expenses paid or incurred by a taxpayer for tax counsel or expenses paid or incurred in connection with the presentation of his tax returns or in connection with any proceedings involved in determining the extent of his tax liability or in contesting his tax liability are deductible." Clearly, fees paid to establish family trusts do not fall within the range of expenses contemplated by § 212(3). *See Lamar F. Monesmith,* 46 T.C.M. 446 (1983).

### 2. Section 165(e) Deduction

The Internal Revenue Code provision covering losses, 26 U.S.C. § 165, provides, in part:

(a) General Rule.—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

. . . .

(e) Theft Losses.—For the purposes of subsection (a), any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss.

It is undisputed that plaintiffs physically parted with the money in 1976, the year for which the deduction is sought. It is also undisputed that the plaintiffs did not become certain of the alleged theft until 1977 when the trust was terminated after consultation with counsel. Plaintiffs maintain, however, they entertained serious reservations about the validity of the trust for some time prior. Using a reasonable man approach to the "year of discovery" rule, it is argued the alleged theft should have been apparent in 1976 and therefore deductible in that year.

■ While the Court is sympathetic to plaintiffs' plight, it nonetheless finds no persuasive support for an objective "year of discovery" approach. The case law points more toward a mechanical determination of the proper year in which to claim a theft loss, that being the year when the taxpayer in fact discovers the loss. *See Russell v. U.S.,* 592 F.2d 1069 (9th Cir. 1979), *cert. den.* 444 U.S. 946, 100 S.Ct.

308, 62 L.Ed.2d 315 (1979); *Lary v. U.S.*, 608 F.Supp. 258 (D.Ct.Ala.1985); *Juback v. U.S. Com'r, Internal Revenue Service*, 526 F.Supp. 78, (D.C.N.Y.1981); *Botwinik Bros. of Mass., Inc. v. Commissioner*, 39 T.C. 988 (1963). Accordingly, the Court concludes the proper year for claiming the theft loss is 1977, the year plaintiffs in fact discovered the loss. However, because the Court has concluded the loss was improperly claimed in 1976, the merits of whether a theft loss actually occurred are not ripe for judicial determination. Therefore,

IT IS ORDERED that defendant's motion for summary judgment is granted and plaintiffs' motion for summary judgment is denied.

The Clerk is directed to enter judgment for the defendant and against the plaintiffs.

The Clerk is further directed forthwith to notify counsel for the respective parties of the making of this order.