UNITED STATES of America, Plaintiff,

v.

Blake W. VALLEAU, Joan Valleau, and Jean M. Valleau, Defendants.

No. 1:96–CV–733.

United States District Court,
W.D. Michigan,
Southern Division.

Oct. 10, 1997.

David A. Haimes, Washington, DC, for USA, plaintiff.

Blake W. Valleau, Saugatuck, MI, pro se.

Joan Valleau, Saugatuck, MI, pro se.

Shawn M. Gotch, Damon & Damon, Grand Rapids, MI, for M. Valleau Trust, Rhea J.V. Smith as the Independent Personal Representative, defendant.

## OPINION

QUIST, District Judge.

Plaintiff United States of America ("Government") filed this action against Defendants Blake W. Valleau, Joan Valleau, and Jean M. Valleau, pursuant to 26 U.S.C. §§ 7401, 7403, to reduce to judgment penalty assessments against both Blake and Joan Valleau, to set aside an allegedly fraudulent conveyance by Blake and Joan Valleau to Jean M. Valleau, and to foreclose its federal tax liens on the same conveyed real property. Now before the Court is the Government's motion for summary judgment against both Blake and Joan Valleau.

### Facts

Blake Valleau incorporated Valleau, Inc. in 1971 to operate a foundry. Starting in 1972, Blake Valleau served as President and Treasurer of Valleau, Inc. Starting in 1979, Joan Valleau served as Vice–President and Secretary of Valleau, Inc. During the tax periods at issue, Blake and Joan Valleau were the only two authorized check signers on Valleau, Inc.'s operating and payroll bank accounts; both were also on Valleau, Inc.'s Board of

Directors. During the same periods, Blake Valleau was the sole shareholder of Valleau, Inc. Beginning in 1982, Valleau, Inc. failed to pay its Form 941 employment tax liabilities. In 1983, the Internal Revenue Service ("IRS") interviewed both Blake and Joan Valleau about Valleau, Inc.'s employment tax liabilities. Valleau, Inc. still failed to pay its employees' withholding taxes despite sufficient funds.

During 1988 and 1989, a delegate of the Secretary of the Treasury made three assessments each against Blake and Joan Valleau as responsible persons of Valleau, Inc. Pursuant to 26 U.S.C. § 6672, the assessments were for one hundred percent penalty liabilities, due to Blake and Joan Valleau's willful failure to collect, account for, and pay to the IRS Valleau, Inc.'s withheld income and Federal Insurance Contribution Act ("FICA") taxes. The assessments against Blake Valleau totaled $126,982.50, and the assessments against Joan Valleau totaled $125,520.01. These amounts remain due and owing to the Government. (*See* Pl.'s Mem. Supp.Mot.Summ.J. at 6–7.)

The Government filed this action pursuant to 26 U.S.C. §§ 7401, 7403 to reduce to judgment the unpaid penalty assessments, to set aside an allegedly fraudulent conveyance of real property from Blake and Joan Valleau to Jean Valleau, and to foreclose its tax liens upon said real property. The Government now moves for summary judgment against Blake and Joan Valleau to reduce the penalty assessments to judgment.

### Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The rule requires that the disputed facts be material. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute over trivial facts which are not necessary in order to apply the substantive law does not prevent the granting of a motion for summary judgment. *Id.* at 248, 106 S.Ct. at 2510. The rule also requires the dispute to be genuine.

A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* This standard requires the non-moving party to present more than a scintilla of evidence to defeat the motion. *Id.* at 251, 106 S.Ct. at 2511 (citing *Schuylkill and Dauphin Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1871)). The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

In *Carver v. Bunch*, 946 F.2d 451 (6th Cir.1991), the court held that a "district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [the] burden" of demonstrating an absence of a genuine issue of material fact. *Id.* at 454–55.

### Analysis

#### A. Government's Assessment

■ When the Government introduces its assessment of taxes due and owing, "a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case." *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir.1983) (citing *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933)). The burden then shifts to the taxpayer to rebut this presumption by proving that the assessment was arbitrary. *Stonehill*, 702 F.2d at 1294 (citing *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 291, 79 L.Ed. 623 (1935)). "A general denial of liability is insufficient to meet the taxpayer's burden." *Avco Delta Corp. v. United States*, 540 F.2d 258, 262 (7th Cir.1976) (citing *United States v. Prince*, 348 F.2d 746 (2d Cir.1965)).

■ The Government has produced Certificates of Assessments and Payments for each

of the three assessments against both defendants. (*See* Exh. H, I to Pl.'s Mem.Supp. Mot.Summ.J.) The Certificates contain Blake and Joan Valleau's names, social security numbers, addresses, the amounts assessed, the dates of the assessments and the appropriate notices, the periods of liability, and the appropriate signatures. (*See id.*) The Court finds that the Government has met its burden of showing that the assessments are due and owing by producing these Certificates. *See Gentry v. United States,* 962 F.2d 555, 557 (6th Cir.1992) (holding that "[c]ertificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made"). The Court also finds that defendants Blake and Joan Valleau have not met their burden of proving that the assessment was incorrect, because their answer contained only a general denial, and they have since filed a response in which they concede that the taxes were due.[1]

B. *Responsibility and Willfulness*

Section 6672 of the Internal Revenue Code authorizes the Government to collect unpaid taxes from "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax." 26 U.S.C. § 6672(a). Section 6672 imposes liability on taxpayers who are both responsible persons and willful actors. *Kinnie v. United States,* 994 F.2d 279, 283 (6th Cir.1993). In addition,

"[t]he taxpayer bears the burden of proving that he is not a responsible person under section 6672 and that he did not act willfully in failing to pay over the taxes." *Id.* (citing *McDermitt v. United States,* 954 F.2d 1245, 1251 (6th Cir.1992)).

1. **Responsibility**

■ Responsibility under the statute requires significant control of the corporation's finances. *Kinnie,* 994 F.2d at 283. Factors which the court should consider in determining responsibility include:

> (1) the duties of the officer as outlined by the corporate by-laws; (2) the ability of the individual to sign checks of the corporation; (3) the identity of the officers, directors, and shareholders of the corporation; (4) the identity of the individuals who hired and fired employees; (5) the identity of the individuals who were in control of the financial affairs of the corporation.

*Gephart v. United States,* 818 F.2d 469, 473 (6th Cir.1987) (per curiam) A corporation can have more than one responsible officer. *Id.*

In this case, the Government has shown that, during the tax periods at issue, both Blake and Joan Valleau were officers and directors of Valleau, Inc. who had exclusive authority to sign operating and payroll checks. (*See* Exh. B, C to Pl.'s Mem.Supp. Mot.Summ.J.) The Government has also shown that Blake Valleau was the sole shareholder during the relevant tax periods. (*See id.*) In light of the Government's showing and the defendants' failure to show that they were not responsible,[2] the Court finds that

---

1. Defendants filed a response to the Government's motion for summary judgment over two months past the deadline. *See* W.D.Mich.L.R. 29(c). Defendants appear to have misread Exhibit H of the Government's brief, the Certificate of Assessments and Penalties. The assessments in Exhibit H are for the penalty tax at issue, not for the unpaid employment taxes. Therefore, this Court rejects Defendants' argument that the original assessments of the unpaid employment taxes were untimely, since Defendant have offered no proof of the date those assessments were made, if ever.

2. Defendants argue in their response that the bankruptcy trustee was the sole responsible person for the assessments made on April 1, 1988 and August 14, 1989. However, the bankruptcy

docket for Valleau, Inc. reveals that no trustee was appointed in the Chapter 11 proceeding, and that the first appointment of a trustee occurred January 3, 1989, when the court converted the case to a Chapter 7 proceeding. The last employment tax period for which the Government seeks penalties ended December 31, 1988. Corporate officers who were responsible persons during the employment tax period at issue remain liable for § .6672 penalties, even if a trustee is appointed before the date the taxes are due. *See Jones v. United States,* 60 F.3d 584, 588–89 (9th Cir.1995) (affirming district court's finding that responsible person's liability for April, May, and June withholdings did not terminate upon appointment of trustee on July 2).

Blake and Joan Valleau were both responsible persons under 6672.

## 2. Willfulness

■ Under the statute, willfulness requires either actual knowledge or a reckless disregard of "facts and known risks that the taxes were not being paid." *Calderone v. United States,* 799 F.2d 254, 259–60 (6th Cir.1986). Choosing to "pay other creditors rather than make tax payments" constitutes willful failure. *Collins v. United States,* 848 F.2d 740, 742 (6th Cir.1988) (per curiam).

The Government has shown that both Blake and Joan Valleau were aware of the unpaid taxes as early as January of 1982, and at the latest by February 1983 when they interviewed with the IRS. (*See* Exh. B, C to Pl.'s Mem.Supp.Mot.Summ.J.) The Government has also shown that other obligations were paid while the taxes were accruing. (*See id.*) In light of the Government's showing and the defendants' failure to show that they were not willful, the Court finds that Blake and Joan Valleau both willfully failed to pay taxes under § 6672.[3]

### *Conclusion*

For the foregoing reasons, judgment for the Government against Blake Valleau will enter in the amount of $126,982.50, plus statutory interest and costs. Judgment for the Government against Joan Valleau will enter in the amount of $125,520.01, plus statutory interest and costs.

An Order consistent with this Opinion will be entered.

### *ORDER*

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss (docket no. 12) is converted to a motion for summary judgment and is **DENIED**. The motion is treated as arising under Fed.R.Civ.P. 56 because the Government has presented to the Court consent forms signed by Defendants, which constitute matters outside the pleadings. *See* Fed.R.Civ.P. 12(c); *Granger v. Marek,* 583 F.2d 781, 785 (6th Cir.1978).[1] The motion is denied because both Joan and Blake Valleau previously signed waivers to extend the statutory period beyond the date of Plaintiff's assessment. In addition, the applicable statutory period for collection of that assessment through the setting aside of the conveyance to Defendant Jean M. Valleau has not yet run. *See* 26 U.S.C. § 6502(a)(1). Therefore, the affirmative defense of statute of limitations does not apply to this case.

**IT IS FURTHER ORDERED** that Defendants' motions to take judicial notice (docket nos. 13 and 18) are **GRANTED**. This Court will take judicial notice of Fed.R.Civ.P. 8, 15 and 26 U.S.C. § 6901. This Court will also take judicial notice of 26 U.S.C. §§ 6501, 6502.

**IT IS FURTHER ORDERED** that Defendants' motion for leave to amend their answer (docket no. 13) is **GRANTED**. Leave to amend pleadings is given freely when justice so requires. Fed.R.Civ.P. 15(a).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (docket no. 15) is **GRANTED**. Plaintiff may add the Jean M. Valleau Revocable Trust as a defendant, because it may claim an interest in the Saugatuck Property as an alleged transferee. *See* 26 U.S.C. § 7403(b).

In light of the above Order granting Plaintiff leave to file an amended complaint,

**IT IS FURTHER ORDERED** that Plaintiff's motion for continuance (docket no. 17) is **GRANTED**. The Settlement Conference set for Tuesday, October 7, 1997, the Final Pre-Trial Conference set for Monday, October 20, 1997, and the Trial set for Tuesday, October 28, 1997, in the above-styled cause, are hereby **CONTINUED** and will be reset by separate Order.

---

**3.** Defendants argue in their response that the Government incorrectly states that Valleau, Inc. had sufficient funds to pay for the employment taxes. Even if Defendants' argument were correct, they would still meet the definition of "willful" because they paid other obligations during the period when tax liabilities were accruing.

**1.** The Court notes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1340, 1345, and 26 U.S.C. §§ 7402, 7403.

In accordance with the Opinion entered this date,

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment against Defendants Blake W. Valleau and Joan Valleau (docket no. 14) is **GRANTED.**

Pursuant to Fed.R.Civ.P. 54(b), this Court finds that there is no just reason for delay in entering judgment against Blake W. Valleau and Joan Valleau because, as the parties responsible in the first instance, they are the individuals who owe the money judgment. Trying to set aside the allegedly fraudulent conveyance of real estate is more in the nature of collection by the Government. Furthermore, the Government should not be delayed in its general collection efforts because of an allegedly fraudulent conveyance. Therefore, **IT IS HEREBY ORDERED** that judgment shall forthwith enter for the Government against Defendants as follows:

Blake Valleau      $126,982.50, plus statutory interest

Joan Valleau      $125,520.01, plus statutory interest

Costs may be awarded to the Government against Blake Valleau and Joan Valleau.

This case shall continue against Jean Valleau and the Jean Valleau. Revocable Trust.