**John PAPANDON, as alleged partner in alleged joint ventures identified as Pilot Petroleum–Petroleum Haulers, Pilot Petroleum–Rappaport Fuel, Pi-**

lot Petroleum–Cabot Petroleum, Pilot Petroleum–Conlo Services, Joseph Aracri, as alleged partner in alleged joint ventures identified as Pilot Petroleum–Petroleum Haulers, Pilot Petroleum–Rappaport Fuel, Pilot Petroleum–Pride Oil, Pilot Petroleum–Cabot Petroleum and Pilot Petroleum–Conlo Services, Plaintiffs–Appellants,

v.

**UNITED STATES of America ex rel., Arthur PERLER, Defendant–Appellee.**

No. 08–4266–cv.

United States Court of Appeals, Second Circuit.

Oct. 23, 2009.

Joseph R. Conway, Larusso and Conway, Mineola, NY, for Appellant Papandon.

Michael H. Soroka, Law Office of Michael H. Soroka, Mineola, NY, for Appellant Aracri.

Jonathan S. Cohen, Kenneth W. Rosenberg, U.S. Department of Justice, Tax Division, Washington, D.C., for Appellee.

Present: WALKER, GUIDO CALABRESI and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiffs, John Papandon and Joseph Aracri, appeal from the district court's order of October 22, 2007, in which the court granted the government's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), and reinstated the government's case. Plaintiffs also appeal from the district court's Memorandum Decision and Order of July 7, 2008, 2008 WL 3981580, granting summary judgment in favor of the United States. We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In an earlier opinion, this court found that Plaintiffs "operated a daisy chain of shell companies in 1983 to sell and re-sell gasoline in such a way that the federal excise tax then levied on gasoline sales would be incurred by an entity having no assets." *United States ex rel. Perler v. Papandon*, 331 F.3d 52, 53 (2d Cir.2003). We also held that "the government has the right, as an injured party, to seek redress from individual partners for partnership liabilities." *Id.* at 56.

■ In a stipulation between the parties, they agreed that if this court found, as it did, that Plaintiffs could be held jointly and severally liable, summary judgment must be granted to the United States as to the issue of liability. On remand, all that remained of the case was for the district court to enter judgment against Plaintiffs. However, the case was dismissed for want of prosecution.

We find that the district court did not abuse its discretion in granting the motion for reconsideration, given that Plaintiffs cannot identify any prejudice to them that resulted from the delay. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256–57 (2d Cir.2004). Involuntary dismissal is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001). And, reinstatement of the case was in accord with "our preference for resolving disputes on the merits." *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir.1995) (per curiam).

■ Applying a *de novo* standard of review, *Pyke v. Cuomo*, 567 F.3d 74, 76 (2d Cir.2009) (per curiam), we conclude that the district court's grant of summary judgment to the United States was proper. The stipulation between the parties was controlling as to liability and there is no material issue of disputed fact with respect to the amount of the tax liability. A government tax assessment is generally presumed to be correct, and a taxpayer who contests such an assessment bears the burden of proving that it is not. *See United States v. Janis*, 428 U.S. 433, 440–41, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976). The evidence submitted by the government in support of its motion for summary judgment was sufficient to warrant a grant of summary judgment. *See United States v. Prince*, 348 F.2d 746, 748 (2d Cir.1965).

The court has reviewed Plaintiffs' remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.